**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-3883
_____

DORETTA FLEMING, Individually, and in her capacity as
Administratrix of the Estate of Leroy H. Garcia; STEPHEN GARCIA; DERON
HANCOCK, in their personal capacities as citizens of the United States,
Appellants

v.

DREW WARREN, Esq., Individually, and as employee of the Killino Firm; JEFFREY
KILLINO, Esq., Individually, and as founder and employee of the Killino Firm
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civ. No. 2-19-cv-02926)
District Judge:  Honorable Mark A. Kearney
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
June 22, 2020
Before:  JORDAN, BIBAS and PHIPPS, <u>Circuit</u> <u>Judges</u>

(Opinion filed July 13, 2020)
_____

OPINION*
_____

PER CURIAM

---

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

Doretta Fleming, Stephen Garcia, and Deron Hancock appeal pro se from the District Court's orders dismissing their complaint and denying their motion for reconsideration. For the following reasons, we will affirm the District Court's judgment.

I.[1]

Fleming, Garcia, and Hancock (the "Plaintiffs") are intestate heirs to the estate of Leroy Garcia, Fleming's brother. Fleming is also the Administratrix of her brother's estate. Fleming retained attorneys Drew Warren and Jeffrey Killino to assist them in a survival action in state court. For reasons described in the District Court's Memorandum Opinion, the Plaintiffs were dissatisfied with the attorneys' representation and filed a complaint pursuant to 42 U.S.C. § 1983 against them in the District Court.

In the complaint, which was later amended, the Plaintiffs claimed that the Defendants violated their due process rights as well as committing numerous state-law torts. The Defendants moved to dismiss the amended complaint, arguing, inter alia, that they could not be sued under 42 U.S.C. § 1983 because they were not state actors. The District Court agreed, and further determined that it could not exercise jurisdiction over the case based on diversity of citizenship. The District Court then declined to exercise supplemental jurisdiction over the state-law claims and dismissed the amended complaint. The Plaintiffs sought reconsideration, but the District Court denied relief.

The Plaintiffs now appeal from the District Court's orders.

---

[1] The facts are taken from the amended complaint.

2

II.

We have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the dismissal order, see Farina v. Nokia Inc., 625 F.3d 97, 110 (3d Cir. 2010), and review the denial of a motion for reconsideration for abuse of discretion, see Budget Blinds, Inc. v. White, 536 F.3d 244, 251 (3d Cir. 2008); Max's Seafood Cafe ex rel. Lou–Ann, Inc. v. Quinteros, 176 F.3d 669, 673 (3d Cir. 1999).

III.

We agree with the District Court's disposition of this case for substantially the reasons stated in its Memorandum Opinion. To state a claim under § 1983, a plaintiff "must establish that she was deprived of a federal constitutional or statutory right by a state actor." Kach v. Hose, 589 F.3d 626, 646 (3d Cir. 2009). "Attorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court." Angelico v. Lehigh Valley Hosp., Inc., 184 F.3d 268, 277 (3d Cir. 1999). While a private party may qualify as a state actor if he or she conspires with a state official, see id., the Plaintiffs did not raise sufficient allegations to state a § 1983 claim under this theory. Thus, the District Court did not err in dismissing the Plaintiffs' § 1983 claim.

Nor do we see any error in the District Court's determination that it could not assert jurisdiction over the case based on diversity of citizenship because the Plaintiffs failed to establish diversity in their amended complaint. See Fed. R. Civ. P. 8(a)(1)

3

(providing that in order to state a claim for relief, a pleading must contain "a short and plain statement of the grounds for the court's jurisdiction").  And, in light of this conclusion, the court acted within its discretion in declining to hear the state-law claims.[2]  See 28 U.S.C. § 1367(c)(3); Byrd v. Shannon, 715 F.3d 117, 128 (3d Cir. 2013).

Lastly, given the legal bars to the Plaintiffs' claims, the District Court did not err in refusing to reconsider its dismissal of the amended complaint.  See generally Max's Seafood Cafe ex rel. Lou–Ann, 176 F.3d at 677.

IV.

We have reviewed the Plaintiffs' remaining arguments on appeal and conclude that they are meritless.  We will affirm.

---

[2] We construe the District Court's dismissal of these claims as without prejudice to the Plaintiffs' ability to pursue them in state court.  We make no comment on the timeliness or merit of any such claims.

4